## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-1307

CATHY E. YOST, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

v.

GEORESOURCES INC.,
HALCÓN RESOURCES CORPORATION,
FRANK A. LODZINSKI,
ROBERT J. ANDERSON,
JAY F. JOLIAT,
BRYANT W. SEAMAN, III,
MICHAEL A. VLASIC,
NICHOLAS L. VOLLER,
DONALD J. WHELLEY,
LEOPARD SUB I, INC. and
LEOPARD SUB II, LLC,

        Defendants.

_____

## CLASS ACTION COMPLAINT FOR BREACH OF FIDUCIARY DUTY AND JURY DEMAND

Plaintiff Cathy E. Yost ("Plaintiff"), by her attorneys, for her complaint against defendants, alleges upon personal knowledge as to herself, and upon information and belief as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.    This is a class action brought by shareholders of defendant GeoResources, Inc. ("GeoResources" or the "Company").  The action is brought against GeoResources, the members of the GeoResources Board of Directors (the "Board") and Halcón Resources Corporation ("Halcón"), arising out of their breaches of fiduciary duty in connection with Halcón's proposal

to acquire all the outstanding, publicly held shares of GeoResources for consideration valued at $37.97 per GeoResources share based on Halcón's closing price as of April 24, 2012 (the "Proposed Transaction").  This action seeks equitable relief only.  The Proposed Transaction is unfair both with respect to price and process and is designed to benefit GeoResources' insiders to the detriment of Plaintiff and the Class (defined herein).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), (c), and (d) as Plaintiff and the defendants are citizens of and domiciled in different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Given that the Proposed Transaction is valued at approximately $1 billion, the injunctive relief sought herein will exceed a sum or value of $75,000.  This action is not a collusive one to confer jurisdiction on this Court.

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because one or more of the defendants, including GeoResources, either resides in or maintains executive offices in this District, and a substantial portion of the transactions and wrongs that are the subject of this complaint, occurred in substantial part in this District.  Finally, the defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

4.      Plaintiff Cathy E. Yost is and was, at all times relevant hereto, a holder of GeoResources common stock.  Plaintiff Yost is a citizen of Pennsylvania.

5.      Defendant GeoResources is a publicly traded Colorado corporation based in Houston, Texas. GeoResources' principal executive offices are located at 110 Cypress Station Drive, Suite 220, Houston, Texas 77090.  GeoResources is a citizen of Texas.

6.      Defendant Jay F. Joliat ("Joliat") is and at all material times hereto has been a director of GeoResources.  Defendant Joliat is a citizen of Michigan and resides at 5121 Vineyards Court, Troy, Michigan 48098.

7.      Defendant Bryant W. Seaman, III ("Seaman") is and at all material times hereto has been a director of GeoResources.  Defendant Seaman is a citizen of New York and resides at 67 Robinson Road, Salt Point, New York 12578.

8.      Defendant Nicholas L. Voller ("Voller") is and at all material times hereto has been a director of GeoResources.  Defendant Voller is a citizen of North Dakota and resides at 4742 119th Road NW, No. 403, Epping, North Dakota 58843.

9.      Defendant Michael A. Vlasic ("Vlasic") is and at all material times hereto has been a director of GeoResources.  Defendant Vlasic is a citizen of Michigan and resides at 1211 Club Drive, Bloomfield Hills, Michigan 48302.

10.     Defendant Donald J. Whelley ("Whelley") is and at all material times hereto has been a director of GeoResources.  Defendant Whelley is a citizen of Connecticut and resides at 134 Cedar Road, Wilton, Connecticut 06897.

11.     Defendant Frank A. Lodzinski ("Lodzinski") is and at all material times hereto has been GeoResources' President and CEO, and a director.  Defendant Lodzinski is a citizen of Texas and resides at 18726 White Candle Drive, Spring, Texas 77388.

12.     Defendant Robert J. Anderson ("Anderson ") is and at all material times hereto has been GeoResources' Executive Vice President Engineering and Acquisitions, and a director.

3

Defendant Anderson is a citizen of Texas and resides at 3507 Blue Spring Cypress Drive, Spring, Texas 77388.

13.     Defendant Halcón is a publicly traded Delaware corporation based in Houston, Texas.  Halcón's principal offices are located at 1000 Louisiana Street, Suite 6700, Houston, Texas 77002.  Halcón is sued herein as an aider and abetter.  Halcón is a citizen of Delaware.

14.     Defendant Leopard Sub I, Inc., is a Colorado corporation and wholly owned subsidiary of Halcón.   Leopard Sub I, Inc. is a citizen of Colorado.

15.     Defendant Leopard Sub II, LLC is a Delaware limited liability company and wholly owned subsidiary Halcón.  Leopard Sub II, LLC is a citizen of Delaware.

16.     The defendants named in paragraphs 6-12 are collectively referred to herein as the "Individual Defendants."

## THE INDIVIDUAL DEFENDANTS' FIDUCIARY DUTIES

17.     By reason of the above Individual Defendants' positions with the Company as directors and/or officers, said individuals are in a fiduciary relationship with Plaintiff and the other public stockholders of GeoResources who are being and will be harmed by the defendants' actions described herein (the "Class") and owe Plaintiff and the other members of the Class a duty of highest good faith, fair dealing, loyalty and full and adequate disclosure.

18.     Each of the Individual Defendants is required to act in good faith, in the best interests of the Company's shareholders and with such care, including reasonable inquiry, as would be expected of an ordinarily prudent person.  In a situation where the directors of a publicly traded company undertake a transaction that may result in a change in corporate control, the applicable state law requires the directors to take all steps reasonably required to maximize

the value shareholders will receive rather than use a change of control to benefit themselves.  To diligently comply with this duty, the directors of a corporation may not take any action that:

(a)     adversely affects the value provided to the corporation's shareholders;

(b)     contractually prohibits them from complying with or carrying out their fiduciary duties;

(c)     discourages or inhibits alternative offers to purchase control of the corporation or its assets; or

(d)     will otherwise adversely affect their duty to search and secure the best value reasonably available under the circumstances for the corporation's shareholders.

19.     In accordance with their duties of loyalty and good faith, the Individual Defendants, as directors and/or officers of GeoResources, are obligated under applicable law to refrain from:

(a)     participating in any transaction where the directors' or officers' loyalties are divided;

(b)     participating in any transaction where the directors or officers receive, or are entitled to receive, a personal financial benefit not equally shared by the public shareholders of the corporation; and/or

(c)     unjustly enriching themselves at the expense or to the detriment of the public shareholders.

20.     The Individual Defendants are also obliged to honor their duty of candor to GeoResources' shareholders by, *inter alia*, providing all material information to the shareholders regarding a scenario in which they are asked to vote or tender their shares.  This duty of candor ensures that shareholders have all information that will enable them to make informed, rational

and intelligent decisions about whether to relinquish their shares in exchange for the consideration offered.

21.     Plaintiff alleges herein that Individual Defendants, separately and together, in connection with the Proposed Transaction, are knowingly or recklessly violating their fiduciary duties, including their duties of loyalty, good faith, and independence owed to Plaintiff and other public shareholders of GeoResources.  The Individual Defendants stand on both sides of the transaction, are engaging in self-dealing, and are obtaining for themselves personal benefits, including personal financial benefits not shared equally by Plaintiff or the Class.  As a result of the Individual Defendants' self-dealing and divided loyalties, neither Plaintiff nor the Class will receive adequate or fair value for their GeoResources common stock in the Proposed Transaction.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action pursuant to Rule 23 on behalf of herself and all other shareholders of the Company (except the defendants herein and any persons, firm, trust, corporation, or other entity related to or affiliated with them and their successors in interest), who are, or will be, threatened with injury arising from defendants' actions, as more fully described herein.

23.     This action is properly maintainable as a class action for the following reasons:

(a)     The Class is so numerous that joinder of all members is impracticable. There are approximately 25 million shares of GeoResources common stock issued and outstanding, likely owned by thousands of shareholders.

(b)     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the

claims of the other members of the Class and Plaintiff has the same interests as the other members of the Class.  Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

(c)     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for defendants, or adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially members or impede their ability to protect their interests.

(d)     To the extent defendants take further steps to effectuate the Proposed Transaction, preliminary and final injunctive relief on behalf of the Class as a whole will be entirely appropriate because defendants have acted, or refused to act, on grounds generally applicable to the Class.

24.     There are questions of law and fact that are common to the Class including, *inter alia*, the following:

(a)     whether the Individual Defendants have breached their fiduciary duties of due care, good faith, and loyalty with respect to Plaintiff and the other members of the Class in connection with the conduct alleged herein;

(b)     whether the process implemented and set forth by the Individual Defendants in connection with the Proposed Transaction was fair to the members of the Class;

(c)     whether the Individual Defendants have breached their fiduciary duty of candor by failing to disclose all material facts relating to the Proposed Transaction;

(d)      whether Halcón has aided and abetted the Individual Defendants' breaches of fiduciary duties owed to Plaintiff and the other members of the Class as a result of the conduct alleged herein; and

(e)      whether Plaintiff and the other members of the Class would be irreparably harmed if defendants are not enjoined from effectuating the transaction described herein.

25.      Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

26.      Plaintiff anticipates that there will be no difficulty in the management of this litigation.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## SUBSTANTIVE ALLEGATIONS

27.      GeoResources is an independent oil and gas company engaged in the development and acquisition of oil and gas reserves through an active and diversified program that includes the acquisition, drilling and development of undeveloped leases, purchases of reserves and exploration activities, currently focused in the Southwest, Gulf Coast, and the Williston Basin.

28.      Halcón is an independent energy company engaged in the acquisition, production, exploration and development of onshore oil and natural gas properties in the United States.

29.      On April 25, 2012, Halcón and GeoResources jointly announced a definitive agreement whereby GeoResources will merge into a wholly-owned subsidiary of Halcón in a cash and stock transaction that values GeoResources at approximately $ 1.0 billion, based on the closing price of Halcón common stock on April 24, 2012.   Under the terms of the Merger Agreement, Halcón will acquire all outstanding shares of GeoResources common stock.

GeoResources stockholders will receive $20.00 in cash and 1.932 shares of Halcón common stock for each share of GeoResources common stock they hold.

30.     The press release announcing the Proposed Transaction states in pertinent part:

### Halcón Resources to Acquire GeoResources

.. Halcón Resources Corporation ("Halcón Resources") and GeoResources, Inc. ("GeoResources") today announced that they have entered into a definitive merger agreement in which GeoResources will merge into a wholly-owned subsidiary of Halcón Resources in a cash and stock transaction that values GeoResources at approximately $1.0 billion, based on the closing price of Halcón Resources common stock on April 24, 2012. Under the terms of the merger agreement, Halcón Resources will acquire all outstanding shares of GeoResources common stock. GeoResources stockholders will receive $20.00 in cash and 1.932 shares of Halcón Resources common stock for each share of GeoResources common stock they hold, representing consideration to GeoResources stockholders of $37.97 per share based on the closing price of Halcón Resources common stock on April 24, 2012.

Halcón Resources Corporation will continue to be led by Floyd C. Wilson, Halcón Resources' Chairman, President and Chief Executive Officer and Mark J. Mize, Executive Vice President, Chief Financial Officer and Treasurer. Upon completion of the merger, the stockholders of GeoResources are expected to own approximately 18% of the combined company's outstanding shares on a fully diluted basis.

Floyd C. Wilson, Chairman, President and Chief Executive Officer of Halcón Resources commented, "This transaction represents a significant opportunity for the shareholders of both companies to benefit from the combined strengths of Halcón Resources and GeoResources and is immediately accretive to discretionary cash flow, production and reserves on a per share basis. The combination will create a resource powerhouse with exposure to some of the most prolific unconventional liquids plays in the United States. The transaction will effectively increase our estimated proved reserves by over 150% to approximately 52.8 million barrels of oil equivalent, 69% of which is liquids, and substantially increase our average net daily production by over 170% to approximately 11,070 barrels of oil equivalent based on fourth quarter 2011 production rates. We look forward to creating a unified company that is uniquely qualified to create value from the significant upside potential intrinsic to both companies."

Frank A. Lodzinski, Chairman, President and Chief Executive Officer of GeoResources stated, "We are excited about the opportunity to partner with a company that is well positioned to become a leading liquids-focused resource player. We have watched Floyd and his team create significant value for their

shareholders over the years through their focused strategy,   excellent technical capabilities and efficient operations. This transaction provides our shareholders with a combination of near-term liquidity and significant exposure to future upside. We believe our shareholders, employees and other stakeholders will prosper under the Halcón Resources banner and we are excited to move forward."

**Terms and Conditions**

Under the terms of the merger agreement, GeoResources stockholders will receive $20.00 in cash and 1.932 shares of Halcón Resources common stock for each share of GeoResources common stock that they hold. The transaction is expected to qualify as a tax-deferred reorganization under Section 368(a) of the Internal Revenue Code to the extent of the stock portion of the consideration received by GeoResources stockholders.

The transaction is subject to the approval of the stockholders of both companies, as well as other customary approvals. The board of directors of each company has unanimously approved the merger agreement, which is subject to customary closing conditions, including approval of listing of the Halcón Resources shares to be issued in the merger on the New York Stock Exchange and regulatory clearance. The companies anticipate completing the transaction in the third quarter of 2012.

Barclays and Mitchell Energy Advisors acted as financial advisors to Halcón Resources and Wells Fargo Securities acted as financial advisor to GeoResources.

31.     The Proposed Transaction price of $37.97 is unfair.  The Company's shares traded as high as $35.97 per share as recently as March 19, 2012.  Thompson/First Call announced that several analysts recently announced target price ranges for GeoResources of $39.00-$43.00.  Also, at least one analyst specifically noted the Company's "strong year-end reserve growth."  Moreover, as Floyd Wilson, Halcón's Chairman, President and CEO stated in the announcement of the Proposed Transaction, "The transaction will effectively increase our estimated proved reserves by over 150% to approximately 52.8 million barrels of oil equivalent, 69% of which is liquids, and substantially increase our average net daily production by over 170% to approximately 11,070 barrels of oil equivalent based on fourth quarter 2011 production rates."  He also said that the Proposed Transaction will be "immediately accretive to discretionary cash

flow, production and reserves on a per share basis. The combination will create a resource powerhouse with exposure to some of the most prolific unconventional liquids plays in the United States."

32.     On March 13, 2012, GeoResources reported adjusted EBITDAX of $89.2 million for the year ended December 31, 2011, a 34% increase over 2010, adjusted net income of $34.9 million for the year, a 43% increase over 2010, and adjusted earnings per share (diluted) of $1.36 per share for the year, a 12% increase over 2010.  For the fourth quarter ended December 31, 2011, GeoResources reported adjusted EBITDAX of $26.8 million, a 76% increase over the fourth quarter of 2010 and an 11% increase over the third quarter of 2011, adjusted net income of $10.6 million in the quarter, a 99% increase over the fourth quarter of 2010 and a 14% increase over the third quarter of 2011, and adjusted earnings per share (diluted) of $0.41 per share in the quarter, a 58% increase over the fourth quarter of 2010 and a 14% increase over the third quarter of 2011.  Defendant Lodzinski announced the following:

> "We are pleased with our financial and operating results for 2011. We ended the year with a record net production level of over 6,100 boe/d. We also generated record revenue, EBITDAX and adjusted net income for both the 4th quarter and year ended December 31, 2011. Since our management team was put in place at GeoResources in April 2007, we have consistently increased revenues, EBITDAX, net income, production and reserves. In 2011, our results were largely driven by increased activity in our Bakken and Eagle Ford focus areas. **We expect these two project areas, complemented by the Austin Chalk, to continue to drive profitable growth for us going forward."**

33.     The Proposed Transaction is the product of a hopelessly flawed process designed to ensure the sale of GeoResources to Halcón. Primary beneficiaries of this deal are the Company's largest shareholders who will be able to monetize their large otherwise illiquid, GeoResources' holdings.  Through the Proposed Transaction, Company insiders are attempting to complete their personal stock sales and achieve immediate vesting of otherwise long-term illiquid restricted shares. Additionally, management stands to gain extremely lucrative "change

of control payments" just for negotiating the Proposed Transaction and selling out the Company's public shareholders.  These benefits of "change of control" payments and immediate vesting of restricted shares are not shared by the Company's non-insider public stockholders.

34.     Moreover, the Halcón offer does not contain a protective collar to adequately protect GeoResources shareholders in the event Halcón's share price decreases between the announcement and eventual consummation of the deal.

35.     Furthermore, the terms of the Proposed Transaction are designed to ensure the sale of GeoResources to one buyer, and one buyer only - Halcón - on terms preferential to Halcón, all to the detriment of the interests of plaintiffs and the other public stockholders of GeoResources.  Certain of GeoResources' officers and directors (and certain of their affiliates), holders of approximately 17.1 % of the Company's outstanding shares, have entered into voting agreements with Halcón that provide that each holder will vote his shares in favor of the approval and adoption of the Merger Agreement.  Moreover, as part of the Merger Agreement, defendants agreed to several onerous, preclusive deal protection devices that act collectively to prevent other bidders from making successful topping bids for the Company.  Specifically, defendants agreed to:

(a)     a termination fee of $27.8 million that must be paid to Halcón in the event that the GeoResources Board chooses to accept a superior proposal;

(b)     a no shop/no talk clause that prevents defendants from communicating with or providing Company information to competing bidders unless an unsolicited superior proposal is made; and

(c)     recurring unlimited matching rights that allow Halcón to match any superior proposal.

36.     Essentially, the Proposed Transaction is solely designed to ensure that Halcón completes the Proposed Transaction even though the offer price called for in the Proposed Transaction is highly unfair to the shareholders of the Company.  In pursuing the unlawful plan to sell GeoResources pursuant to a defective sales process, defendants have breached their fiduciary duties of loyalty, due care, independence, good faith and fair dealing.  Plaintiffs seek to enjoin the Proposed Transaction.

<u>COUNT I</u>

**Claim for Breach of Fiduciary Duties**
**<u>Against the Individual Defendants</u>**

37.     Plaintiff repeats and realleges each and every allegation set forth herein.

38.     The Individual Defendants have violated their fiduciary duties owed to the public shareholders of GeoResources and have acted to put their personal interests ahead of the interests of GeoResources shareholders or acquiesced in those actions by fellow defendants.  These Individual Defendants have failed to take adequate measures to ensure that the interests of GeoResources' shareholders are properly protected and have embarked on a process that avoids competitive bidding and provides Halcón with an unfair advantage by effectively excluding other alternative proposals.

39.     By the acts, transactions, and courses of conduct alleged herein, the Individual Defendants, individually and acting as a part of a common plan, will unfairly deprive Plaintiff and other members of the Class of the true value of their GeoResources investment.  Plaintiff and other members of the Class will suffer irreparable harm unless the actions of the Individual Defendants are enjoined and a fair process is substituted.

40.     The Individual Defendants have breached their duties of loyalty, good faith, and care by not taking adequate measures to ensure that the interests of GeoResources' public shareholders are properly protected from over-reaching by Halcón.

41.     By reason of the foregoing acts, practices, and courses of conduct, the Individual Defendants have failed to exercise due care and diligence in the exercise of their fiduciary obligations toward Plaintiff and the other members of the Class.

42.     As a result of the actions of Defendants, Plaintiff and the Class have been, and will be, irreparably harmed in that they have not, and will not, receive their fair portion of the value of GeoResources' stock and businesses, and will be prevented from obtaining a fair price for their common stock.

43.     Unless enjoined by this Court, the Individual Defendants will continue to breach the fiduciary duties owed to Plaintiff and the Class and may consummate the Proposed Transaction to the disadvantage of the public shareholders.

44.     The Individual Defendants have engaged in self-dealing, have not acted in good faith, and have breached, and are breaching, fiduciary duties owed to Plaintiff and the other members of the Class.

45.     Plaintiff and the Class have no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury which these actions threaten to inflict.

## COUNT II

### Claim Against Halcón for Aiding and Abetting
### the Individual Defendants' Breaches of Fiduciary Duties

46.     Plaintiff repeats and realleges each and every allegation set forth herein.

47.     The Individual Defendants breached their fiduciary duties to the GeoResources shareholders by the actions alleged *supra*.

48.     Such breaches of fiduciary duties could not, and would not, have occurred but for the conduct of defendant Halcón, which, therefore, aided and abetted the Individual Defendants' breaches.

49.     Defendant Halcón had knowledge that it was aiding and abetting the Individual Defendants' breaches of fiduciary duties to GeoResources shareholders.

50.     Defendant Halcón rendered substantial assistance to the Individual Defendants in their breaches of their fiduciary duties to GeoResources shareholders.

51.     As a result of Halon's conduct of aiding and abetting the Individual Defendants' breaches of fiduciary duties, Plaintiff and the other members of the Class have been, and will be, damaged in that they have been, and will be, prevented from obtaining a fair price for their shares.

52.     As a result of the unlawful actions of Halcón, Plaintiff and the other members of the Class will be irreparably harmed in that they will be prevented from obtaining the fair value of their equity ownership in the Company.  Unless enjoined by the Court, Halcón will continue to aid and abet the Individual Defendants' breaches of their fiduciary duties owed to Plaintiff and the members of the Class, and will aid and abet a process that inhibits the maximization of shareholder value and the disclosure of material information.

53.     Plaintiff and the other members of the Class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from immediate and irreparable injury which Defendants' actions threaten to inflict.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor and in favor of the Class, and against the defendants as follows:

A.      Certifying this case as a class action, certifying Plaintiff as class representative and their counsel as class counsel;

B.      Declaring that the conduct of the Individual Defendants in approving the Proposed Transaction and failing to negotiate in good faith with Halcón and other acts and omissions set forth herein are breaches of the Individual Defendants' fiduciary duties;

C.      Preliminarily and permanently enjoining the Individual Defendants and all persons acting in concert with them from taking any steps to consummate the Proposed Transaction on the terms presently proposed;

D.      Preliminarily and permanently enjoining the Individual Defendants from initiating any defensive measures that would inhibit the Individual Defendants' ability to maximize value for  GeoResources shareholders;

E.      To the extent the Proposed Transaction is consummated prior to this Court's entry of a final judgment, rescinding it and setting it aside or awarding rescissory damages;

F.      Directing Defendants to account to Plaintiff and the Class for all damages suffered by them as a result of defendants' wrongful conduct alleged herein;

G.      Awarding Plaintiff the costs, expenses, and disbursements of this action, including attorneys' and experts' fees and, if applicable, pre-judgment and post-judgment interest; and

H.      Awarding Plaintiff and the Class such other relief as this Court deems just, equitable, and proper.

Dated: May 18, 2012

       /s/ Kip Shuman
Kip B. Shuman
Rusty E. Glenn
**THE SHUMAN LAW FIRM**
885 Arapahoe Ave.
Boulder, CO 80302
Telephone: (303) 861-3003
Facsimile: (303) 484-4886
Email: kip@shumanlawfirm.com
Email: rusty@shumanlawfirm.com

*Local Counsel for Plaintiff*

**FARUQI & FARUQI, LLP**
Juan E. Monteverde
Shane T. Rowley
369 Lexington Ave., 10th Floor
New York, NY 10017
Tel: 212-983-9330
Fax: 212-983-9331

*Plaintiff's Counsel*