IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–01307–MSK–KMT

CATHY E. YOST, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

GEORESOURCES INC.,
HALCÓN RESOURCES CORPORATION,
FRANK A. LODZINSKI,
ROBERT J. ANDERSON,
JAY F. JOLIAT,
BRYANT W. SEAMAN, III,
MICHAEL A. VLASIC,
NICHOLAS L. VOLLER,
DONALD J. WHELLEY,
LEOPARD SUB I, INC., and
LEOPARD SUB II, LLC,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Unopposed Motion for Leave to File a Second Amended Class Action Complaint for Breach of Fiduciary Duty and Jury Demand and Individual Claims for Violation of Sections 14(a) and 20(a) of the Securities Exchange Act." (Doc. No. 24, filed June 13, 2012.) Plaintiff's Motion seeks to amend her Complaint to add individual claims arising under the Sections 14(a) and 20(a) of the Securities Exchange Act. (Mot. at 1-2.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

As a threshold matter, the court notes that the Scheduling Conference has not been held, and no Scheduling Order has been entered in this case. Consequently, the Motion is timely. Furthermore, Defendants do not oppose Plaintiff's Motion. Thus, there is no argument—and the court does not otherwise find—undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Therefore, it is

ORDERED that "Plaintiff's Unopposed Motion for Leave to File a Second Amended Class Action Complaint for Breach of Fiduciary Duty and Jury Demand and Individual Claims for Violation of Sections 14(a) and 20(a) of the Securities Exchange Act." (Doc. No. 24) is

GRANTED.  The Clerk of Court is directed to file Plaintiff's "Second Amended Class Action Complaint for Breach of Fiduciary Duty and Jury Demand and Individual Claims for Violation of Sections 14(a) and 20(a) of the Securities Exchange Act" (Doc. No. 24-1.)

Dated this 13th day of June, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge