**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01307-MSK-KMT

CATHY E. YOST,
Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

GEORESOURCES, INC.,
HALCON RESOURCES CORPORATION,
FRANK A. LODZINSKI,
ROBERT J. ANDERSON,
JAY F. JOLIAT,
BRYANT W. SEAMAN, III,
DONALD J. WHELLEY,
LEOPARD SUB 1, INC., and
LEOPARD SUB II, LLC,

Defendants.

_____

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

_____

The Court has considered the Agreed Motion for Entry of this Order and finds that good cause exists for the entry of this Order. IT IS THEREFORE ORDERED that all persons receiving documents or information in this litigation, including all Parties and their counsel, shall be bound by the terms of this Order. IT IS FURTHER ORDERED that the documents, deposition testimony, and other information produced or provided in this action shall be used solely in connection with the above-captioned lawsuit and shall be subject to the following terms and conditions:

1. **Confidential Information**.  For purposes of this Order, "Confidential Information" means any document, writing, paper, tangible thing, transcript or recording of oral testimony or recorded statement of counsel, whether printed, videotaped, recorded, or reproduced by any other mechanical process, or written or produced by hand or electronic device, and the content of any such document, writing, paper, thing, transcript or statement that a Party designates as "Confidential."  By way of example, and not limitation, Confidential Information may include or be included in documents, papers, manuals, transcripts, answers to interrogatories and other responses to discovery requests, briefs, summaries, notes, abstracts, motions, drawings, and any instruments that comprise, embody or summarize matters that a Party considers confidential and desires not to be made public.

2. **Designation of Confidentiality**.  Before designating documents or information as Confidential, such information must first be reviewed by a lawyer for the designating Party who must certify that the designation as confidential is based on a good faith belief that the information is confidential or otherwise entitled to protection.  A Party may designate documents for which protected status is claimed by stamping or labeling such documents as "Confidential" on the first page of each document or by otherwise notifying the other Parties in writing that the documents or information being produced shall be designated as "Confidential."  All documents and information produced in this action and designated as "Confidential" shall be subject to the provisions of the Order.  Upon the designation of any document as "Confidential," all copies of such document then or at any time thereafter in the possession or control of any Party, from whatever source received, shall be subject to the provisions of this Order.

3. **Procedure at Depositions**.  If any question arises at a deposition that involves the disclosure of Confidential Information, or if counsel for the deponent reasonably anticipates that

the deposition will involve the discussion of Confidential Information, counsel for the deponent with an interest in protecting such Confidential Information shall, either at the deposition itself or within 7 days after the receipt of the deposition transcript, designate the deposition in its entirety as "Confidential." As soon as such designation is made, the original of the deposition transcript in its entirety and all copies thereof shall bear the legend "Confidential" and, along with any other stenographic, audio, video, electronic, or other recordings of all or any portion of the deposition, shall be Confidential Information for purposes of this Order. Nothing in this paragraph shall be construed as any waiver of confidentiality of any properly designated document attached as an exhibit to a deposition. Documents labeled Confidential attached as exhibits to a deposition shall automatically be considered Confidential Information without any further action on the part of any Party.

4. **Disclosure**. Confidential Information shall not be disclosed or communicated in any way to anyone other than the following (hereinafter "Qualified Persons"):

   a) Counsel of record representing the Parties in this litigation, including counsel or any other legal staff personnel who are employed by a Party and are participating in the litigation on behalf of the Party;

   b) Direct employees of counsel representing the Parties in this litigation and who are assisting counsel in this litigation;

   c) Outside copying services and other similar vendors;

   d) The Parties and the principals, officers, and employees of a corporate Party who are involved in the litigation on behalf of a Party;

   e) Court reporters, the Court and any employee of the Court, subject to the provisions in Paragraph 7 below;

    f) Independent outside experts (including any consulting experts) and other persons assisting such counsel to whom such counsel considers it necessary to disclose Confidential Information for the purpose of prosecuting or defending this litigation.

    g) Any other person who is designated as a Qualified Person by subsequent agreement of the Parties.

    h) Any deponent who is a current employee or director of the producing Party.

5. **Notification of Existence of Order and Confidentiality Agreement**. It shall be the responsibility of any Party providing information to a Qualified Person to notify the Qualified Person that he or she shall be bound by all the terms herein, including but not limited to the provisions of paragraph 10 requiring return of Confidential Information at the conclusion of the litigation. All experts or other persons assisting counsel to whom Confidential Information is disclosed or communicated pursuant to Paragraph 4(f) above shall confirm in writing that they are aware of and bound by this Order.

6. **Disclosure to Additional Persons**. Confidential Information may not be disclosed to persons who are not Qualified Persons without the express written consent of all Parties. Confidential Information likewise may not be used outside the above-captioned litigation or shared with counsel or parties in other lawsuits or potential litigation matters, including but not limited to the plaintiffs or their counsel in any other shareholder lawsuits relating to the subject matter of this case or other members of the alleged class in this case who are not currently Qualified Persons, without the express written consent of all Parties.

7. **Filing with the Court**. When filing any Confidential Information with the Court, the Parties are to file only the portion needed for the issues they present to the Court. To the

extent a Party deems it necessary to file or submit Confidential Information to the Court, the Parties are directed to file and maintain such Confidential Information under seal to the best of their ability.  Similarly, in the event that a Party wishes to use any Confidential Information in any affidavits, brief, memoranda of law, or other papers filed with the Court, then such Confidential Information used shall be only the portion needed for that filing, which shall be submitted under seal to the Court.

8.     **Effect of Designation**.  The designation of confidentiality permitted by this Order is intended solely to facilitate the pretrial and trial proceedings of this litigation.  Nothing in this Order shall be construed in any way as a finding that the Confidential Information designated by the Parties does or does not constitute or contain confidential information, trade secrets or proprietary information and the Parties may object as provided in Paragraph 9 below.

9.     **Objection to Designation**.  A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as Confidential shall

bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

10. **Return of Materials**.  Upon entry of final judgment and exhaustion of all appeals, settlement of all claims, or dismissal of all claims in connection with this lawsuit, the Parties shall return to the producing Party, within a reasonable time, but not to exceed 30 days, all documents, things, or transcripts of depositions, together with all copies, summaries, and abstracts thereof, which have been designated as "Confidential" pursuant to this Order.  A Party that has provided Confidential Information to any other person pursuant to paragraph 6 shall require the recipient of that information to return or destroy it in compliance with this Order or as otherwise expressly agreed in writing by all Parties.  If material has been destroyed, a written certification to that effect shall be provided to counsel.  Notwithstanding the above, each counsel shall be entitled to retain one copy of all deposition transcripts, pleadings, memoranda, briefs, and other documents submitted to the Court.  These documents shall continue to be kept confidential in accordance with the terms of this Order except that they may be used to defend in any action challenging the adequacy of the attorney's representation in this action.

11. **Erroneous Designations and Omissions**.  It is recognized by the Parties to this Order that due to the exigencies of providing numerous documents and the taking of testimony, documents or testimony may be designated erroneously as "Confidential" or documents or information that are entitled to confidential treatment may erroneously not be designated as "Confidential."  The Parties may correct such confidentiality designations or lack thereof and shall furnish to all counsel, at its own expense, copies of the documents for which there is a change in designation.

- 7 -

12. **Limitations**.  Nothing in this Order shall be construed to entitle the Parties to obtain any document, thing, or other information from one another.  Nothing in this Order shall be construed to allow the Parties to avoid any discovery obligations under the applicable rules of civil procedure.  Nothing in this Order or the Parties' Agreed Motion shall be deemed a waiver of any objection to discovery or argument for stay of discovery, including but not limited to any right Defendants may have to a stay of discovery under the Private Securities Litigation Reform Act.  All such objections and grounds for stay are expressly preserved, and the Court makes no ruling regarding the merits of any objection or ground for stay at this time.  Additionally, this Order shall not be deemed to waive any claim of attorney-client privilege, work product privilege, or any other privilege that may be asserted by the Parties.  Furthermore, the Parties have agreed to work with each other in good faith if any Party determines that additional protection of proprietary or Confidential Information is required.  In that regard, this Order does not limit any Party's right to seek additional protection from this Court of proprietary or Confidential Information.  This Order does not restrict a producing Party's use of its own Confidential Information.  Additionally, nothing in this Order shall constitute an admission that any Confidential Information is admissible and the Parties specifically reserve the right to object to the admissibility of any Confidential Information.

13. **Modification**.  Nothing in this Order shall be deemed to preclude the Parties from seeking modification of this Order by the Court.  All capitalized terms in this Order shall have the meaning assigned to them in the Agreed Motion for Confidentiality and Protective Order or in the Order itself.

SIGNED this 2nd day of July, 2012.

_____
United States Magistrate Judge