**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01307-MSK-KMT

CATHY E. YOST,
Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

GEORESOURCES, INC.,
HALCÓN RESOURCES CORPORATION,
FRANK A. LODZINSKI,
ROBERT J. ANDERSON,
JAY F. JOLIAT,
BRYANT W. SEAMAN, III,
DONALD J. WHELLEY,
NICHOLAS L. VOLLER,
MICHAEL A. VLASIC,
LEOPARD SUB I, INC., and
LEOPARD SUB II, LLC,

Defendants.

_____

**STIPULATION AND AGREEMENT OF SETTLEMENT**

_____

## STIPULATION AND AGREEMENT OF SETTLEMENT

WHEREAS, the parties to the above-captioned action, by and through their respective attorneys, have entered into this Stipulation and Agreement of Settlement (the "Stipulation") subject to approval of the Court;

WHEREAS, on April 24, 2012, GeoResources, Inc. ("GeoResources"), and Halcón Resources Corporation, Leopard Sub I, Inc., and Leopard Sub II, LLC (collectively, "Halcón") entered an agreement and plan of merger (the "Merger Agreement") which provides that Halcón will acquire all of the issued and outstanding shares of common stock of GeoResources if, *inter alia*, the stockholders of both Halcón and GeoResources approve the merger (the "Merger");

WHEREAS, under the Merger Agreement, holders of GeoResources common stock will be entitled to receive, in exchange for each share of GeoResources common stock they own immediately prior to the effective time of the Merger, $20.00 in cash and 1.932 shares of Halcón common stock;

WHEREAS, on April 26, 2012, Hilary Coyne, a GeoResources stockholder, filed a putative class action on behalf of GeoResources stockholders against Frank A. Lodzinski, Robert J. Anderson, Jay F. Joliat, Bryant W. Seaman, III, Michael A. Vlasic, Nicholas L. Voller, Donald J. Whelley (the "GeoResources Directors" and with GeoResources and Halcón collectively the "Defendants") in Harris County, Texas;

WHEREAS, between April 30, 2012, and May 11, 2012, six additional putative class actions were filed by GeoResources stockholders against Defendants in Harris County, Texas;

WHEREAS, on May 23, 2012, Fred Carach and Employees' Retirement System of the Government of the Virgin Islands, GeoResources stockholders, filed a motion to consolidate the

seven putative class actions filed in Harris County, Texas, and on May 25, 2012, the cases were consolidated in the 215th District Court under the caption *Coyne v. Lodzinski et al.*, Consolidated Cause No. 2012-24423 (the "Harris County Action");

WHEREAS, on May 1, 2012, Zeno A. Erdle, a GeoResources stockholder, filed a putative class action on behalf of GeoResources stockholders against Defendants in the  District Court, City and County of Denver, 2nd Judicial District, styled *Erdle v. Lodzinski et al.*, No. 2012-cv-2672 (the "Denver County Action");

WHEREAS, on May 18, 2012, Halcón filed Registration Statement on Form S-4 that included a joint proxy statement/prospectus of GeoResources and Halcón (the "Preliminary Proxy/Prospectus") with the United States Securities and Exchange Commission (the "SEC");

WHEREAS, on May 18, 2012, plaintiff Cathy E. Yost ("Yost" or "Plaintiff"), a GeoResources stockholder, filed the above-styled case individually on behalf of GeoResources stockholders (the "Action");

WHEREAS, on May 30, 2012, Plaintiff filed an amended complaint, and on May 31, 2012, Plaintiff filed a corrected amended complaint (the "Amended Complaint") and a motion to expedite discovery (the "Motion for Expedited Discovery");

WHEREAS, on June 13, 2012, Plaintiff filed a second amended complaint (the "Second Amended Complaint"), which challenges, *inter alia*, the Merger and the Merger Agreement, including, but not limited to, the disclosures in the Preliminary Proxy/Prospectus and the terms of the Merger Agreement, alleges that the GeoResources Directors breached their fiduciary duties in connection therewith and further alleges that GeoResources and Halcón aided and abetted these alleged breaches of fiduciary duties, and asserts claims under Section 14(a) and Section 20(a) of the Securities Exchange Act of 1934, as amended.

WHEREAS, the Second Amended Complaint requests, *inter alia*, that the Court grant injunctive relief to enjoin Defendants and all persons acting in concert with them from consummating the Merger, as well as rescissory damages, an accounting, and other relief;

WHEREAS, on June 14, 2012, the Court denied without prejudice Plaintiff's Motion for Expedited Discovery;

WHEREAS, on June 25, 2012, Halcón filed Amendment No. 1 to the Registration Statement on Form S-4, including a preliminary joint proxy/prospectus ("Amendment No. 1") setting the date for the special meeting of stockholders of GeoResources and Halcón to vote on the Merger for July 31, 2012;

WHEREAS, on June 26, 2012, the Parties negotiated an Agreed Order Governing the Protection and Exchange of Confidential Information, which the Court subsequently entered;

WHEREAS, on June 27, 2012, Halcón filed a Rule 424(b)(3) Prospectus (the "Final Proxy") with the SEC and GeoResources filed a Definitive Proxy Statement on Schedule 14A ("DEFM14A") with the SEC (the Preliminary Proxy/Prospectus, Amendment No. 1, Final Proxy, DEFM14A, and all other SEC filings relating to the Merger collectively, the "Proxy Materials") in advance of the stockholder vote on the Merger;

WHEREAS, on June 29, 2012, Defendants produced numerous documents relating to the Merger, which, among others, included: (i) final board minutes and board presentations, packets, and materials pertaining to the Merger; (ii) voting agreements, change of control plan, and employment/compensation agreements of officers/directors that would be implicated by the Merger; (iii) projections and emails exchanged between management of GeoResources and Wells Fargo Securities, LLC ("Wells Fargo Securities") relating to the Merger; (iv) individual defendants' emails to/from Halcón, Wells Fargo Securities, and their counsel; (v) documents

sufficient to show the 2011 market check by GeoResources, including standstill/confidentiality agreements and other notes or correspondence with potential acquirers; and (vi) documents discussing the valuation of the acquired properties disclosed in the Current Report on Form 8-K filed by Halcón with the SEC on June 5, 2012;

WHEREAS, on July 5 and 6, 2012, counsel for Plaintiff took the depositions of GeoResources executives and directors Frank A. Lodzinski and Robert J. Anderson and a representative from the Wells Fargo Securities team that provided financial advice to GeoResources' Board regarding the Merger;

WHEREAS, counsel for Plaintiff and counsel for Defendants have engaged in arm's length and substantial negotiations concerning the terms and conditions of a potential resolution of the Second Amended Complaint for more than a week, which resulted in an agreement that GeoResources would disclose certain additional information to GeoResources stockholders, as set forth herein;

WHEREAS, the undersigned and Parties have all concluded that the terms contained in this Stipulation are fair and adequate to GeoResources, its stockholders, and members of the putative class and that it is reasonable to settle this action based upon the procedures and terms outlined herein;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, that this action shall be dismissed on the merits with prejudice in accordance with the provisions of this Stipulation and shall be settled and compromised as provided below (the "Settlement"):

## THE SETTLEMENT

1.      Without admitting any wrongdoing, fault, liability or damage, Defendants acknowledge that the pendency and prosecution of this action and the efforts of Plaintiff's counsel were a substantial reason and cause for the decision of Defendants to make certain additional disclosures (the "Supplemental Disclosures").  The Supplemental Disclosures are set forth in **Exhibit A** to this Stipulation and will be filed with the SEC, in a format of GeoResources' choosing, sufficiently in advance of the July 31, 2012 stockholder vote to comply with applicable SEC rules and regulations regarding such disclosures.  The Supplemental Disclosures represent additions to the disclosures in the Final Proxy that were prepared pursuant to arm's length negotiations with Plaintiff's counsel.

2.      Plaintiff's counsel has conducted discovery, including document collection and three depositions, and has confirmed its belief that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class (as defined herein).

3.      The Parties consent to the entry of an order providing for certification of a non opt-out class for settlement and settlement enforcement purposes only consisting of all record holders and beneficial owners of GeoResources common stock from April 24, 2012 through and including the earlier of the date of the consummation of the Merger or the date of the termination of the Merger Agreement, including successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or beneficial owners, immediate and remote,  excluding Defendants, their immediate family members, or any person over whom any Defendant exercises sole or exclusive control (the "Settlement Class").

4.     Upon the Effective Date (as defined below), the Action shall be dismissed with prejudice and without costs, except as specifically set forth in this Stipulation.

5.     Upon the Effective Date, any and all claims, debts, dues, demands, sums of money, accounts, reckonings, bonds, bills, covenants, controversies, damages, executions, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, rescission, rescissory damages, injunctive relief, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, remedies or liability whatsoever), whether based on federal, state, foreign, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or unliquidated, at law, admiralty, or equity, matured or un-matured, whether or not concealed or hidden, whether class, individual or derivative in nature, including both known claims and Unknown Claims (as defined below), that have been asserted in the Second Amended Complaint or that could have been asserted in this Action in any forum by Plaintiff (on behalf of any of themselves and/or any of the Defendants) or by any member of the Settlement Class, including, without limitation, claims under the federal securities laws and under any other statutory or common law duty, whether federal or state, arising out of, related to, based upon, or concerning, directly or indirectly, to (i) the allegations contained in the Second Amended Complaint, (ii) the Merger, including any and all negotiations leading to the Merger, the Merger Agreement, any and all agreements and disclosures relating to the Merger and the Merger Agreement, any compensation or other payments made in connection with the Merger, and the consideration being paid pursuant to the Merger, (iii) the Proxy Materials or any and all other disclosures, omissions or communications relating to the Merger, and (iv) any and all matters regarding an alleged breach of fiduciary duty, violation of federal or state securities laws, or other causes of action under any statutory,

common law, or other theory, in connection with the Merger or aiding and abetting any of the foregoing (the "Released Claims") against each and every Defendant; and each of their present or former affiliates, parents, subsidiaries, successors and predecessors (including the directors and officers of such affiliates, parents, subsidiaries and successors and predecessors); their general partners, limited partners, partnerships, and their respective officers, directors, managing directors, employees, agents, attorneys, advisors, insurers, consultants, accountants, auditors, petroleum engineers, trustees, financial advisors, lenders, investment bankers, associates, representatives, heirs, executors, family members, personal representatives, estates, administrators, successors and assigns; or any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants (collectively, the "Released Parties"); shall be fully, finally and forever compromised, settled, extinguished, dismissed, discharged and released with prejudice pursuant to the terms and conditions herein, provided, however, that the claims to be released shall not include the right of any Settlement Class member or any of the Defendants to enforce the terms of the Settlement or the rights of any Settlement Class member to pursue properly perfected claims for appraisal pursuant to Article 113 of the Colorado Business Corporations Act, and the claims to be released shall not include any claims under the federal securities laws that do not in any respect arise out of, or do not relate in any manner to, the acts, events, facts, matters, transactions, occurrences, statements, or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Second Amended Complaint, the Merger Agreement, the transactions contemplated therein, or disclosures made in connection therewith (including the adequacy and completeness of such disclosures).

6.      Upon the Effective Date, any and all claims that could have been asserted by Defendants or the Released Parties against Plaintiff, members of the Settlement Class and their attorneys arising out of the institution, prosecution, settlement or resolution of this action shall be fully, finally and forever compromised, settled, extinguished, dismissed, discharged and released with prejudice pursuant to the terms and conditions herein, provided, however, that the claims to be released shall not include the right of any Settlement Class member or any of the Defendants to enforce the terms of the Settlement.

7.      The releases contemplated by this Settlement shall extend to claims that Plaintiff, any and all members of the Settlement Class, or Defendants do not know or suspect to exist at the time of the release, which, if known, might have affected the decision to enter into the release or to object or not to object to the Settlement ("Unknown Claims"). Plaintiff, all members of the Settlement Class, and Defendants shall be deemed to expressly waive, and shall expressly waive and relinquish to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, foreign law, or principle of common law, which governs or limits a person's release of Unknown Claims; further, that (i) Plaintiff, all members of the Settlement Class and Defendants shall be deemed to waive, and shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR;**

(ii) Plaintiff, all members of the Settlement Class and Defendants also shall be deemed to expressly waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, foreign law, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542; and (iii) Plaintiff, on behalf of the Settlement Class, and Defendants acknowledge that members of the Settlement Class and Defendants may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is the intention of Plaintiff, the Settlement Class and Defendants to fully, finally and forever settle and release with prejudice any and all Released Claims, including any and all Unknown Claims, whether known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.   Plaintiff acknowledges, and the members of the Settlement Class shall be deemed by operation of the entry of a final order and judgment approving the Settlement to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

8.      Plaintiff represents that as of April 24, 2012, and continuously through the consummation of the Merger, she was the record holder and/or beneficial owner of GeoResources common stock.   Plaintiff and her counsel represent and warrant that none of Plaintiff's claims referred to in this Stipulation or that could have been alleged in the Action have been assigned, encumbered or in any manner transferred in whole or in part.

9.      The Parties agree that except as expressly provided herein, the action shall be stayed pending Final Court Approval.

10.     Plaintiff agrees that, subject to the Order or the Court, pending final determination of whether the Settlement provided for herein should be approved, Plaintiff is barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties.

## SUBMISSION AND APPLICATION TO COURT

11.     As soon as practicable, after this Stipulation has been executed on behalf of all Parties, the Parties shall jointly apply for entry of the Preliminary Approval Order, attached hereto as **Exhibit B** (the "Preliminary Approval Order"), and for approval of the Notice of Pendency and Settlement of Class Action and Hearing on Settlement, attached hereto as **Exhibit C** (the "Notice").  If the Court approves the Settlement, the Parties shall submit for entry the Order and Final Judgment attached hereto as **Exhibit D** (the "Final Approval Order").  **Exhibits B**, **C**, and **D** are part of this Stipulation.

## NOTICE

12.     The Notice, in substantially the form attached hereto as **Exhibit C**, shall be mailed by GeoResources or its successor(s) at least forty-five (45) days prior to the Settlement Hearing to all persons who held of record GeoResources common stock **at any time during the class period**, as set forth in the books and records maintained by or on behalf of GeoResources, at their respective addresses set forth in such records.  Furthermore, GeoResources shall use reasonable efforts to give notice of the Settlement Hearing to beneficial owners of shares by making additional copies of the Notice available to any record holder requesting them for distribution to beneficial owners and providing reimbursement of reasonable actual out-of-pocket

expenses incurred by such record holders in identifying beneficial holders.  All costs associated with Notice as described herein shall be paid by GeoResources or its successor(s).

## FINAL COURT APPROVAL

13.     The approval of the Settlement shall be considered final for purposes of this Stipulation:  (a) upon entry of the Final Approval Order approving the Settlement; and (b) upon the expiration of any applicable appeal period for the appeal of the Final Approval Order without an appeal having been filed or, if an appeal is taken, upon entry of an order affirming the Final Approval Order appealed from and the expiration of any applicable period for the reconsideration, appeal, rehearing or review, by certiorari or otherwise, of such affirmance without any motion for review, reconsideration or rehearing or further appeal having been filed ("Final Court Approval").

## EFFECTIVE DATE

14.     The Effective Date of the Settlement (the "Effective Date") shall be the date of Final Court Approval.

## ATTORNEYS' FEES

15.     Defendants agree not to oppose Plaintiff's application for an attorneys' fee award (the "Fee Award") from the Court of up to $450,000 (which includes all fees and other expenses of any kind claimed by Plaintiff and Plaintiff's counsel)**,** subject to approval of the Court. Plaintiff agrees not to request or accept a Fee Award in excess of $450,000 and acknowledges that the Court has final discretion to determine the amount of the Fee Award.  To the extent Plaintiff is awarded more than $450,000, Plaintiff agrees to remit the difference between the amount awarded and $450,000 to Halcón.  Within ten (10) days of Final Court Approval, Halcón shall pay the amount of attorneys' fees awarded by the Court to Plaintiff's counsel.  Except as

provided herein, Defendants shall bear no expenses, costs, damages, or fees alleged or incurred by Plaintiff, by any member of the Settlement Class, or by any of their attorneys, experts, advisors, agents, or representatives, and shall bear no liability for the allocation of attorneys' fees between Plaintiff's counsel.  Court approval and consummation of the Settlement shall not in any way be conditioned on the approval or awarding by the Court of any attorneys' fees or any specific amount of attorneys' fees.

16.     In the event that (i) the Court awards attorneys' fees and expenses, any court costs or other fees and (ii) Halcón or its successors do not pay, or cause to be paid, such attorneys' fees and expenses in accordance with the terms of this Stipulation, the Parties agree that the Court shall retain jurisdiction over the award of attorneys' fees and expenses prior to or following the Effective Date of the settlement, as set forth in paragraph 14 above, and upon motion may issue any orders necessary to enforce any such award of attorneys' fees and expenses.

## TERMINATION OF THE AGREEMENT

17.     The consummation of the Settlement is subject to: (i) entry of the Preliminary Approval Order by the Court enjoining the Harris County Action, the Denver County Action, and any other existing or potential action by any Settlement Class Member from proceeding in any jurisdiction, and that is substantially in the same form as **Exhibit B** in all other respects; (ii) Final Court Approval of the Settlement; (iii) entry of a final judgment dismissing this Action with prejudice with respect to the entire Settlement Class in substantially the same form as **Exhibit D**; and (iv) consummation of the Merger.  This Settlement shall be null and void and of no force and effect in the event that: (i) any of the foregoing conditions is not met; (ii) any court (including without limitation the courts in the Harris County Action and Denver County Action) enters an order preliminarily or permanently enjoining or restraining the Merger or the vote on

the Merger; (iii) if, for any reason, the Court fails to enter an order by July 20, 2012, preliminarily approving the Settlement and enjoining the Harris County Action and Denver County Action; (iv) if, for any reason, the Court fails to enter an order finally approving the Settlement in the form agreed to in the Stipulation, or (v) if, on appeal, the Court's approval is reversed or modified.  In such an event, the Parties shall be deemed to be in the position they were in prior to the execution of this Stipulation, and this Settlement and the statements made therein shall not be deemed to prejudice in any way the positions of the Parties with respect to the action, or to constitute an admission of fact or wrongdoing by any party, and shall not entitle any party to recover any costs or expenses incurred in connection with this Stipulation.

18.     Defendants shall have the right to withdraw from this Stipulation, provided this right is exercised collectively, in the event that, prior to Final Court Approval of the Settlement, any injunction precluding or conditioning the Merger is entered or any claim related to the Merger made in court or other forum would not be settled and released by this Settlement.

## STAY OR DISMISSAL OF OTHER ACTIONS

19.     The Parties agree to use their best efforts to prevent, stay or seek dismissal of or oppose entry of any interim or final relief in favor of any member of the Settlement Class in any other litigation in any other court or tribunal against any of the Released Parties that challenges the Settlement, the Merger or the Merger Agreement or otherwise involves without limitation any of the Released Claims.

## CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT

20.     Plaintiff believes that the claims asserted in the Second Amended Complaint have merit.  However, Plaintiff's counsel recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the action against the Defendants through trial and

through appeals.  Counsel for the Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this action, as well as the difficulties and delays inherent in such litigation.  Plaintiff's counsel also is mindful of the inherent problems of proof and possible defenses to the claims asserted in the Second Amended Complaint.  Plaintiff's counsel have concluded that the additional disclosures resulting from the settlement provide GeoResources stockholders with material information sufficient to cast an informed vote on the Merger and that the financial terms of the Merger are fair to GeoResources' stockholders.  Based on the discovery they have taken and their experience in merger litigation, Plaintiff's counsel has determined that the settlement set forth in this Stipulation is in the best interests of the Plaintiff and the Settlement Class.

## STIPULATION NOT AN ADMISSION

21.     The Stipulation shall be null and void and of no force and effect if the Settlement does not obtain Final Court Approval for any reason.  The provisions contained in this Settlement shall not be deemed a presumption, concession or admission by any Defendant of any fault, liability or wrongdoing, or as to the truth or materiality of any facts or the validity of any claims alleged or asserted in the Second Amended Complaint or contained in the Supplemental Disclosures, or in any other action or proceedings, and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in the Action **or in any other action or proceeding of any nature whatsoever**.  Defendants have denied, and continue to deny, that they have committed or aided and abetted in the commission of any violation of law or engaged in any of the wrongful acts alleged in the Second Amended Complaint, and expressly maintain that they diligently and scrupulously complied with their fiduciary and other legal duties.  Defendants are entering into the Stipulation solely because they

believe that the Settlement would eliminate the burden, risk and expense of further litigation, and because they contend and believe that to do so is in the best interests of the stockholders of GeoResources and Halcón, so that the stockholders can vote on the Merger without the continued expense and risk of litigation.  The making of the Supplemental Disclosures shall not be construed as an admission that any prior disclosures by Defendants violated any statutory or common law requirement.

**AUTHORITY**

22.     Each of the attorneys executing the Stipulation on behalf of one or more of the Parties warrants and represents that he or she has been duly authorized and empowered to execute this Stipulation on behalf of his or her respective client or clients.

**COUNTERPARTS**

23.     This Stipulation may be executed in any number of actual or telecopied counterparts and by each of the different Parties on several counterparts, each of which when so executed and delivered shall be an original.  The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

**ENTIRE AGREEMENT; AMENDMENTS**

24.     Each Party severally acknowledges that no promise, inducement or agreement not expressed herein has been made to it or him or her, that this Stipulation contains the entire agreement between or among the Parties concerning the matters described in this Stipulation, and, except as expressly provided herein, that there are no third-party beneficiaries to this Stipulation.

25.     This Stipulation may be modified or amended only by a writing signed by all of the Parties hereto.

## WAIVER

26.     The waiver by any party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

## SUCCESSORS

27.     This Stipulation shall bind and inure to the benefit of the Parties and their respective heirs, predecessors, successors and assigns, and to any corporation or other entity into which or with which any party to this Stipulation may merge or consolidate.

## GOVERNING LAW; JURISDICTION

28.     This Stipulation and the Settlement contemplated by it shall be governed by and construed in accordance with the laws of the State of Colorado without regard to conflict of law principles.  Any action arising out of or relating to this Stipulation shall be brought exclusively in the U.S. District Court for the District of Colorado.

## COOPERATION

29.     The Parties and their attorneys agree to cooperate fully with one another in seeking the Court's approval of this Stipulation and the Settlement and to effect preliminary and final approval of this Stipulation and the Settlement.

## NO CONSTRUCTION AGAINST DRAFTER

30.     This Stipulation shall not be construed more strictly against one Party than another merely by the virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's length negotiations

between the parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of July 16, 2012.

Dated: July 16, 2012                    FARUQI & FARUQI, LLP

                                        /S/ Shane T. Rowley                    
                                        Juan E. Monteverde
                                        Shane T. Rowley
                                        369 Lexington Ave., 10th Floor
                                        New York, NY 10017
                                        Telephone:  (212) 983-9330
                                        Facsimile:  (212) 983-9331

                                        --and—

                                        Kip B. Shuman
                                        Rusty E. Glenn
                                        THE SHUMAN LAW FIRM
                                        885 Arapahoe Ave.
                                        Boulder, CO 80302
                                        Telephone: (303) 861-3003
                                        Facsimile:  (303) 484-4886

                                        *Attorneys for Plaintiff Cathy Yost*

Dated: July 16, 2012                    FULBRIGHT & JAWORSKI L.L.P.


                                        /S/ Lucy H. Deakins
                                        Gerard G. Pecht
                                        Texas Bar No. 15701800
                                        Peter A. Stokes
                                        Texas Bar No. 24028017
                                        Fulbright Tower
                                        1301 McKinney, Suite 5100
                                        Houston, Texas 77010
                                        Telephone:  (713) 651-5243
                                        Facsimile:  (713) 651-5246

                                        William Leone, #11403
                                        Lucy H. Deakins, #41729
                                        Fulbright & Jaworski L.L.P.
                                        1200 17th Street, Suite 1000
                                        Denver, CO   80202-5835

                                        *Attorneys for Defendants*
                                        *Frank A. Lodzinski, Robert J. Anderson, Jay F.*
                                        *Joliat, Bryant W. Seaman, III, Michael A.*
                                        *Vlasic, Nicholas L. Voller, Donald J. Whelley,*
                                        *and GeoResources, Inc.*

Dated: July 16, 2012

SHERMAN & HOWARD

/S/ Brian G. Eberle
Brian G. Eberle, #15356
633 Seventeenth Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 299-8470
Facsimile: (303) 298-0940


THOMPSON & KNIGHT LLP
Timothy R. McCormick
Texas Bar No. 13463500
Michael W. Stockham
Texas Bar No. 24038074
1722 Routh Street, Suite 1500
Dallas, Texas  75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

Hunter M. Barrow
Texas Bar No. 24025240
Wade Johnson
Texas Bar No. 24062197
333 Clay Street, Suite 3300
Houston, Texas  77002
Telephone: (713) 654-8111
Facsimile: (713) 654-1871

*Attorneys for Defendants Halcón Resources*
*Corporation, Leopard Sub I, Inc. and Leopard*
*Sub II, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 16, 2012, a true and correct copy of the

foregoing Stipulation was served upon all counsel of record the CM/ECF system which will send

notification of such filing to attorneys for the Parties at the following e-mail addresses:

Shane T. Rowley
Faruqi & Faruqi, LLP-New York
369 Lexington Avenue
10th Floor
New York, NY 10017-6531
212-983-9330
Fax: 212-983-9331
Email: srowley@faruqilaw.com
**Attorney for Plaintiff Cathy Yost**

Kip Brian Shuman
Shuman Law Firm, The
885 Arapahoe Avenue
Boulder, CO 80302
303-861-3003
Fax: 303-484-4886
Email: kip@shumanlawfirm.com
**Attorney for Plaintiff Cathy Yost**

William J. Leone, Esq.
Lucy H. Deakins, Esq.
Fulbright & Jaworski, LLP
1200 17th Street, Suite 1000
Denver, CO 80202
Email: wleone@fulbright.com
Email: ldeakins@fulbright.com
**Attorneys for GeoResources Defendants**

Peter A. Stokes, Esq.
Fulbright & Jaworski, LLP
98 San Jacinto Boulevard, #1100
Austin, TX 78701
Email: pstokes@fulbright.com
**Attorney for GeoResources Defendants**

Michael Warren Stockham
Thompson & Knight LLP-Dallas
1722 Routh Street
One Arts Plaza
#1500
Dallas, TX 75201-2533
214-969-1700
Fax: 214-969-1750
Email: Michael.Stockham@tklaw.com
**Attorney for Halcón Defendants**

Timothy Robert McCormick
Thompson & Knight LLP-Dallas
1722 Routh Street
One Arts Plaza
#1500
Dallas, TX 75201-2533
214-969-1103
Fax: 214-969-1751
Email: timothy.mccormick@tklaw.com
**Attorney for Halcón Defendants**

Brian G. Eberle
Sherman & Howard, L.L.C.-Denver
633 17th Street
#3000
Denver, CO 80202-3622
303-297-2900
Fax: 303-298-0940
Email: beberle@sah.com
**Attorney for Halcón Defendants**

/S/ Lucy H. Deakins
Lucy H. Deakins