**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-01307-MSK-KMT

CATHY E. YOST, and on behalf of all others similarly situated,

Plaintiff,

v.

GEORESOURCES INC.;
HALCON RESOURCES CORPORATION;
FRANK A. LODZINSKI;
ROBERT J. ANDERSON;
JAY F. JOLIAT;
BRYANT W. SEAMAN, III;
MICHAEL A. VLASIC;
NICHOLAS L. VOLLER;
DONALD J. WHELLEY;
LEOPARD SUB I, INC.; and
LEOPARD SUB II, LLC,

Defendants.

_____

**OPINION AND ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
OF SETTLEMENT AND SETTING HEARING**

_____

**THIS MATTER** comes before the Court pursuant to the parties' Joint Motion to Preliminarily Approve Settlement Agreement **(# 47)**. The motion is **GRANTED** as follows:

The Parties have jointly moved for an order approving the settlement of this action in accordance with a Stipulation of Settlement dated July 13, 2012 (the "Stipulation").

**1. Class certification**

Pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(2), the Court certifies, for purposes of effectuating and enforcing this settlement only, a non opt-out Settlement Class of all record holders and beneficial owners of GeoResources, Inc. ("GeoResources") common stock from

April 24, 2012, through and including the earlier date of the consummation of the Merger or the date of the termination of the Merger Agreement, their successors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or beneficial owners, immediate and remote, excluding Defendants, their immediate family members, or any person over whom any Defendant exercises sole or exclusive control (the "Settlement Class").

Plaintiff Cathy E. Yost (the "Plaintiff") is conditionally designated as class representative for the Settlement Class and the law firms of Faruqi & Faruqi, LLP and the Shuman Law Firm are conditionally designated as Lead Counsel for the Settlement Class.  Any Settlement Class Member may enter an appearance in the action, at their own expense, individually, or through counsel  of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.  All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the settlement, whether favorable or unfavorable to the Settlement Class.

**2.  Settlement hearing and objections**

Upon the Court's preliminary review, it appears that the settlement is within a range of fairness, reasonableness, and adequacy that is sufficient  to warrant (i) notice thereof as set forth below; and (ii) a full hearing on the settlement. Accordingly, the Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

A hearing (the "Settlement Hearing") shall be held before this Court on **July 16, 2013** at **9:00 a.m.**, at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, to determine whether (i) the proposed settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be

approved by the Court; and (ii) a Final Approval Order as provided in the Stipulation should be entered herein. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. Following any hearing, the Court may approve the settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

Any Member of the Settlement Class may appear and show cause at the hearing if he, she or it has any reason why the proposed settlement should or should not be approved as fair, reasonable, and adequate, or why the Final Approval Order should or should not be entered thereon.  Any Settlement Class Member intending to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Final Approval Order, shall hand-deliver or mail written objections and copies of any papers and briefs, such that they are received 14 or more days before the Settlement Hearing by: (a) Fulbright & Jaworski L.L.P., 1301 McKinney Street, Suite 5100, Houston, TX 77010, Attn: Gerard G. Pecht; (b) Thompson & Knight LLP, 1722 Routh Street,  Suite 1500, Dallas, Texas 75201, Attn: Timothy R. McCormick; and (c) Faruqi & Faruqi, LLP, 369 Lexington Ave, 10th Floor, New York, New York, 10017, Attn: Juan E. Monteverde.  Any Member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be  deemed to have waived such objection unless otherwise ordered by the Court.

All papers including memoranda or briefs in support of the settlement or the award of attorneys' fees and expenses shall be  filed and served twenty one (21) calendar days prior to the deadline for Settlement Class Members to object to the settlement; and reply briefs or other papers supporting the settlement or attorneys' fees and expenses shall be filed and served

seven (7) calendar days before the Settlement Hearing.

### 3.  Notice

The Court approves, as to form and content, the Notice of Settlement of Class Action (the "Notice"), annexed as Exhibit C to the Stipulation, and finds that the mailing and distribution of the Notice, substantially in the  manner and form set forth in this Order, meets the requirements of Rule  23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

GeoResources (or its successor(s)-in-interest) shall undertake the administrative responsibility for giving notice to the Settlement  Class and is authorized to hire a settlement notice administrator (the "Notice Administrator") to effectuate such notice. GeoResources or its successor(s) shall pay all reasonable costs and expenses in providing notice to the Settlement Class.

Not later than 45 days before the date of the Settlement Hearing (the "Notice Date"), GeoResources or its agents shall cause a  copy of the Notice, substantially in the form attached as Exhibit C to the Stipulation, to be mailed by First-Class Mail to all Members of the Settlement Class ("Settlement Class Members") who can be identified with reasonable effort. At least fourteen (14) calendar days prior to the Settlement Hearing, GeoResources or its successor(s) counsel shall cause to be filed with the Court proof, by affidavit or declaration, of such mailing.

 Nominees who held GeoResources common stock at any time from and including April 24, 2012, through and including December 31, 2012, inclusive, for the beneficial ownership of another shall mail the Notice to all such beneficial owners of such common stock within fourteen (14) calendar days after receipt thereof or send a list of the names and addresses of such

beneficial owners to the Notice Administrator within fourteen (14) calendar days of receipt, in which event the Notice Administrator shall promptly mail the Notice to such beneficial owners.

### 4.  Other provisions

All Settlement Class Members, and any of them, are hereby barred and enjoined from commencing, prosecuting, instigating, litigating, or in any way participating in the commencement, prosecution, or litigation of any action asserting any released claim, either directly, representatively, derivatively, or in any other capacity, against any released person, from the date of this Order until the effective date of the settlement, including but not limited to *Erdle v. Lodzinski* et al., No. 2012-cv-2672, pending in the District Court, City and County of Denver, 2nd Judicial District, and *Coyne v. Lodzinski et al.*, Consolidated Cause No. 2012-24423, In the 215th Judicial District Court of Harris County, Texas (the "Harris County Action").

Neither the Stipulation nor any of the  proceedings connected with it, shall be construed as an admission by Defendants of any fact or any liability in this case or in any litigation matter in any jurisdiction.

Dated this 19th day of March, 2013.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge