**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Marcia S. Krieger**

**Civil Action No. 12-cv-01307-MSK-KMT**

**CATHY E. YOST, and on behalf of all others similarly situated,**

      **Plaintiff,**

v.

**GEORESOURCES INC.;**
**HALCON RESOURCES CORPORATION;**
**FRANK A. LODZINSKI;**
**ROBERT J. ANDERSON;**
**JAY F. JOLIAT;**
**BRYANT W. SEAMAN, III;**
**MICHAEL A. VLASIC;**
**NICHOLAS L. VOLLER;**
**DONALD J. WHELLEY;**
**LEOPARD SUB I, INC.; and**
**LEOPARD SUB II, LLC,**

      **Defendants.**

___

**FINAL ORDER APPROVING SETTLEMENT**
___

      **PURSUANT TO** the Court's oral findings rendered on July 16, 2013 and the proceedings to date, the Court approves the parties' settlement and finds as follows:

      1. For purposes of settlement of this action, certification of a class, defined as "all record holders and beneficial owners of GeoResources common stock from April 24, 2012 through and including the earlier of the date of the consummation of the Merger or the date of the termination of the Merger Agreement, including successors in interest, predecessors, representatives, rustees, executors, administrators, heirs, assigns or transferees, of all such foregoing record holders and/or beneficial owners, immediate and remote, excluding Defendants, their immediate family members, or any person over whom any Defendant exercises sole or exclusive control," is appropriate pursuant to Fed. R. Civ. P. 23(a), in that the class is sufficiently numerous that joinder is impracticable, there are common questions of law and fact as to all class members, the claims and defenses of the named Plaintiff are typical to those of the class members, the named Plaintiff will fairly and adequately represent the entire class, and there is a risk of inconsistent or varying adjudications if the claims herein are not pursued on a classwide basis.

2. Reasonable notice of both the provision certification of the class and the settlement of the claims has been given to the members of the class pursuant to Fed. R. Civ. P. 23(c)(2) and (e)(1), and no class member has objected to certification of the class or approval of the proposed settlement.

3. The Court finds that the proposed settlement is fair, reasonable, and adequate as to all parties involved, pursuant to Fed. R. Civ. P. 23(e)(2). The Court further finds that the parties have complied with the terms of 28 U.S.C. § 1715.

4. Cathy E. Yost is designated as the class representative and the law firms of Faruqi & Faruqi LLP and the Shuman Law Firm are designated as class counsel pursuant to Fed. R. Civ. P. 23(c)(1)(B).

5. The parties shall promptly effectuate and comply with all terms of the Stipulation of Settlement (**# 61-1**) and are bound by the terms contained therein.

6. The named Plaintiff, class members, and the Plaintiffs' counsel are permanently enjoined from commencing or prosecuting any of the "Released Claims," as defined in the Stipulation of Settlement, in any jurisdiction.

7. Finding such amounts to be reasonable pursuant to Fed. R. Civ. P. 23(h), the Court awards attorney fees to class counsel in the amount of $327,596 and taxable costs of $15,710, to be paid according to the Stipulation of Settlement.

8. The Court reserves jurisdiction over this action for the limited purpose of addressing any disputes over the parties' compliance with the terms of the Stipulation of Settlement or this Order.

9. The Clerk of the Court shall close this case.

Dated this 25th day of October, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge